695 F.2d 1132
 83-1 USTC P 9131
 UNITED STATES of America and William E. Beaman, Special
Agent, Internal Revenue Service, Petitioner-Appellees,
v.
TRADER'S STATE BANK, Respondent,
and
Life Science Church, Intervenor-Appellant
UNITED STATES of America and David N. Wanner, Special Agent,
Internal Revenue Service, Petitioner-Appellees,
v.
FIRST NORTHWESTERN NATIONAL BANK, Respondent,
and
Life Science Church, Intervenor-Appellant.
 No. 81-3275.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1982.
Decided Jan. 4, 1983.
 
 Michael G. Parham, East Point, Ga., for intervenor-appellant.
 Stephen Gray, Washington, D.C., for petitioners-appellees.
 Appeal from the United States District Court for the District of Montana.
 Before WALLACE, FARRIS and NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Life Science Church of Billings, Montana, ("the Church") appeals the enforcement of two Internal Revenue Service summonses issued to third-party recordkeepers. For the reasons set forth below, we vacate the order of enforcement.
 
 
 2
 The Internal Revenue Service issued the subject summonses while investigating the tax liability of Mr. and Mrs. Kerr, founders and trustees of the Life Science Church of Billings, Montana. The summonses were served on the respondent banks, Trader's State Bank and First Northwestern National Bank, bearing the caption: "In the Matter of the Tax Liability of Thomas M. Kerr, d/b/a Life Science Church of Billings." Apparently, there is little, if any, factual basis for the "d/b/a" designation. The summonses require the production of all types of bank statements, correspondence, and records relating to bank accounts, safe deposit boxes, and loans held by Mr. or Mrs. Kerr or the Church.
 
 
 3
 The Church moved to quash the summonses, contending they were overbroad and violative of the Church's first amendment freedoms of association and religion. When a party makes a prima facie showing of arguable first amendment infringement, the government must show a rational connection between the disclosure required by the summons and a legitimate governmental end, and must demonstrate a cogent and compelling governmental interest in the disclosure. United States v. Citizens State Bank, 612 F.2d 1091, 1094 (8th Cir.1980) (quoting Pollard v. Roberts, 283 F.Supp. 248, 256-257 (E.D.Ark.), aff'd 393 U.S. 14, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968) (per curiam)).
 
 
 4
 The government failed to meet the standard in this case because the summonses require disclosure of all church banking transactions, not only those related to the Kerrs. The government did not show any rational connection between the documents and records that solely concern the Church and the legitimate governmental end of assessing the Kerrs' tax liability.
 
 
 5
 Because the summonses were overbroad, we need not reach the contentions of the Church regarding the motives of the Internal Revenue Service in issuing the summonses.
 
 
 6
 ORDER OF ENFORCEMENT IS VACATED.